# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

KATHLEEN PATRICK,

    Plaintiff,

v().                                  Case No. 6:24-cv-2067-JA-RMN

ATLANTIC ANIMAL HEALTH,
INC., and NEOGEN CORP.,

    Defendants.
_____

## ORDER

Defendant Atlantic Animal Health Inc. (Atlantic), moves for a more definite statement under Federal Rule of Civil Procedure 12(e), arguing the complaint is an impermissible shotgun pleading.[1] (Doc. 33). Plaintiff has filed a response in opposition. (Doc. 39).

### I. LEGAL STANDARDS

"Generally, federal civil complaints need only state 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *United States ex rel. Clausen v. Lab'y. Corp. of Am., Inc.*, 290 F.3d 1301, 1308 (11th Cir. 2002) (quoting Fed. R. Civ. P. 8(a)(2)). Federal Rule of Civil Procedure 10(b) further requires:

---

[1] Defendant Neogen Corp. (Neogen) answered the complaint and thus did not join the motion. (Doc. 32).

> A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances. A later pleading may refer by number to a paragraph in an earlier pleading. If doing so would promote clarity, each claim founded on a separate transaction or occurrence . . . must be stated in a separate count or defense.

Fed. R. Civ. P. 10(b). "Complaints that violate either Rule 8(a)(2) or Rule 10(b), or both, are often disparagingly referred to as 'shotgun pleadings.'" *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1320 (11th Cir. 2015). "A defendant served with a shotgun complaint should move the district court to dismiss the complaint pursuant to Rule 12(b)(6) or for a more definite statement pursuant to Rule 12(e)[2] on the ground that the complaint provides it with insufficient notice to enable it to file an answer." *Paylor v. Hartford Fire Ins. Co.*, 748 F.3d 1117, 1126–27 (11th Cir. 2014).

The Eleventh Circuit in *Weiland* outlined four rough types of shotgun pleadings: 1) "a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint[;]" 2) a complaint "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action[;]" 3) a complaint that does "not separat[e] into a different count each cause of action or claim for

---

[2] Rule 12(e) provides that a defendant "may move for a more definite statement of a [complaint] . . . which is so vague or ambiguous that the [defendant] cannot reasonably prepare a response."

2

relief[;]" and 4) a complaint "asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." 792 F.3d at 1321–23. All four types of shotgun complaints "fail . . . to give the defendants adequate notice of the claims against them and the ground upon which each claim rests." *Id.* at 1323.

## II.  DISCUSSION

Atlantic argues that the complaint is a shotgun pleading of the first and fourth types because it incorporates all preceding paragraphs into Count II and asserts multiple claims against multiple defendants without specifying which applies to which Defendant. (Doc. 33 at 3).

The complaint is not a shotgun pleading of the first type. While Count II does state that it incorporates all the allegations preceding it, the complaint does not fail "to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Weiland*, 792 F.3d at 1323; *see Inform Inc. v. Google LLC*, No. 21-13289, 2022 WL 3703958, at *5 (11th Cir. Aug. 26, 2022). The incorporation of all allegations into Count II does not materially increase the burden to respond to the complaint. Indeed, the other Defendant in this action answered the complaint. (Doc. 32; Doc. 39 at 13 (noting Defendant Neogen "had no difficulties responding to the complaint as" pled)); *Weiland*, 792 F.3d at 1324; *Charles v. GEO Grp. Inc.*, No. 22-13891, 2024 WL

1619911, at *3 (11th Cir. Apr. 15, 2024) (holding that despite pleading deficiencies, it was not "virtually impossible" to respond to complaint or to discern "which allegations of fact are intended to support which claim(s) for relief," particularly where defendants had responded to the complaint). Thus, while the complaint shares characteristics of shotgun pleadings, it is not a shotgun pleading of the first type.

Nor is the complaint a shotgun pleading of the fourth type. Atlantic claims that the complaint "assert[s] multiple claims against multiple defendants without specifying which of the defendants are responsible for which." *Weiland*, 792 F.3d at 1321. But Plaintiff counters that it is permissible to group defendants together when, as here, "the complaint could be read to 'aver that all defendants are responsible for the alleged conduct.'" (Doc. 39 at 11 (quoting *Bluegreen Vacations Unlimited, Inc. v. Montgomery Law Firm, LLC*, No. 19-CV-24704, 2020 WL 12182222, at *2 (S.D. Fla. Nov. 30, 2020))); *see Charles*, 2024 WL 1619911, at *4. Here, the complaint can fairly be read to allege that both Defendants are responsible for the alleged conduct. There are only two Defendants, and it is apparent that Plaintiff is alleging that both are responsible for developing, manufacturing, testing, marketing, and selling Fura-Zone under both counts. (Doc. 39 at 10–11).

## III. CONCLUSION

Accordingly, Atlantic's motion for a more definite statement (Doc. 33) is **DENIED**. Atlantic shall serve its response to the complaint by March 12, 2025.

**DONE** and **ORDERED** in Orlando, Florida, on February 20, 2025.

                                        JOHN ANTOON II
                                  United States District Judge

Copies furnished to:
Counsel of Record
Unrepresented Parties